UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDELL M. ARMSTEAD, JR.,

        Petitioner,

v.

SCOTT SPEER,

        Respondent.

Case No. C24-2144-RAJ-SKV

REPORT AND RECOMMENDATION

## I.  INTRODUCTION

Petitioner Wendell Armstead is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington.  He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his confinement pursuant to the judgment and sentence entered in Snohomish County Superior Court case number 07-1-01793-8.  *See* Dkt. 1-1 at 2.  Petitioner has previously filed other federal habeas petitions relating to the same judgment.  This Court, having reviewed the petition filed in this matter, and Petitioner's prior petitions, concludes the instant petition is a second or successive petition over which this Court lacks jurisdiction, and it should therefore be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on December 26, 2024. *See* Dkt. 1. As noted above, the petition relates to the judgement and sentence entered in Snohomish County Superior Court case number 07-1-01793-8. *See* Dkt. 1-1 at 2. Petitioner alleges in his petition that he was denied counsel at a critical stage of his criminal proceedings, *i.e.*, his arraignment, and that this alleged deprivation violated his rights under the Sixth and Fourteenth Amendments. *See id*. at 3-4; Dkts. 1-3, 1-4.

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. A review of this Court's records reveals that Petitioner filed a federal habeas petition under § 2254 challenging the same Snohomish County Superior Court judgment and sentence in March 2020. *See Armstead v. Haynes,* C20-391-MJP, Dkts. 1, 4. The Court dismissed that petition with prejudice in September 2020, upon concluding that the petition was barred under the applicable statute of limitations, 28 U.S.C. § 2244(d). *See id.*, Dkts. 11, 13, 14. Petitioner filed a second federal habeas petition challenging the same Snohomish County judgment and sentence in August 2024, and that petition was dismissed as successive in October 2024. *See Armstead v. Bennett*, C24-1300-RSL, Dkts. 1, 7, 10. Petitioner recently filed a third habeas petition challenging his Snohomish County judgment and sentence, which remains pending at this time. *See Armstead v. Bennett*, 24-1994-TL-SKV, Dkt. 4-1.

The instant petition is Petitioner's fourth federal habeas petition challenging the same Snohomish County judgment and sentence. The fact that Petitioner's initial federal habeas petition was dismissed as time-barred renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under § 2244(b)); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D. Cal. 2003) (same). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition.

### III.    CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes Petitioner is not entitled to a certificate of appealability in this matter.

REPORT AND RECOMMENDATION
PAGE - 3

IV.     CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (Dkt. 1-1) and this action be dismissed under 28 U.S.C. § 2244(a) for lack of jurisdiction, and that a certificate of appealability be denied.  This Court further recommends that Petitioner's application to proceed *in forma pauperis* (Dkt. 1), and all motions submitted with his petition (Dkts. 1-5, 1-6, 1-7, 1-8, 1-9) be denied as moot.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 21, 2025**.

DATED this 31st day of December, 2024.

S. KATE VAUGHAN
United States Magistrate Judge